The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PETERS ABHULIMEN

## DEFENDANTS
ARCELORMITTAL STEEL USA

13  3949

**(b)** County of Residence of First Listed Plaintiff: NEW CASTLE, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen T. O'Hanlon, 2 Penn Center, Suite 1850, 1500 JFK Blvd., Philadelphia, PA 19102.

Attorneys *(If Known)*
Kristine Grady Derewicz, Esquire, Littler Mendelson, P.C., Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e et seq.

Brief description of cause:
Employment discrimination based upon race and national origin.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: July 8, 2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

JUL 8 2013

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**MMB** **13 3949**

Address of Plaintiff: 6E ___ LLEY CYCLE, NEWARK, DE 1974

Address of Defendant: 1 SOUTH DEARBORN, CHICAGO, IL 60603

Place of Accident, Incident or Transaction: 139 MODENA ROAD, COATESVILLE, PA 19320

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☑    No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐    No ☐

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, STEPHEN T. O'HANLON, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/8/13     STEPHEN T. O'HANLON     208428
               Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUL 8 2013

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/8/13     STEPHEN T. O'HANLON     208428
               Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

PETERS ABHULIMEN                :   CIVIL ACTION
v.                              :
ARCELORMITTAL STEEL USA         :   NO. 13 3949

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

7/8/13                STEPHEN T. O'HANLON        PETERS ABHULIMEN
**Date**              **Attorney-at-law**         **Attorney for**

267-546-9066          215-567-1998                steve@ohanlonlawfirm.com
**Telephone**         **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

JUL 8 2013

MMB

The O'Hanlon Law Firm, P.C.
BY: Stephen T. O'Hanlon, Esquire
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: 267.546.9066
Fax: 215.567.1998
steve@ohanlonlawfirm.com
Attorney for Plaintiff

FILED
JUL - 8 2013
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

PETERS ABHULIMEN,

                Plaintiff,

v.

ARCELORMITTAL STEEL USA,

                Defendant.

Civil Case No.: 13 3949

## COMPLAINT AND JURY DEMAND

Plaintiff, Peters Abhulimen, by and through his undersigned counsel, the O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains against Defendant, ArcelorMittal Steel USA, as follows:

### PRELIMINARY STATEMENT

1. This action arises under the provisions of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* Plaintiff is seeking damages to redress the deprivation of his rights from discriminatory employment practices on the basis of race and national origin by the Defendant.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to

1

redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resided, Defendant regularly conducts business, and where all the wrongful conduct occurred.

## PARTIES

3.  Plaintiff, Peters Abhulimen, is a black, male citizen of the United States and a resident of New Castle County, Delaware. Plaintiff was born in Nigeria.

4.  Defendant, ArcelorMittal Steel USA (hereinafter "ArcelorMittal") is the American subdivision of a global multinational steel and mining corporation, ArcelorMittal. ArcelorMittal has a plant at 139 Modena Road, Coatesville, Pennsylvania, 19320, where Plaintiff is employed.

## PROCEDURE

5.  Within 180 days of the occurrence of the acts of which this Complaint is based, charges of discrimination were filed with the Equal Employment Opportunity Commission (EEOC).

6.  Plaintiff received his Notice Right-to-Sue letter from the EEOC, within days of it being mailed on May 21, 2013, entitling him to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of the notice. This action was initiated within that ninety-day period.

## STATEMENT OF CLAIM

7.  Defendant has engaged in unlawful employment practices and policies in violation of 42 U.S.C. 2000e, *et seq.* The discriminatory practices include, but are not limited to the following: A. Refusing to promote or advance Plaintiff, an African-American employee of African birth, on an equal basis with white workers. B. Maintaining practices with respect to, but not limited to, wages, job assignments, performance reviews, and other terms and conditions of employment

2

which unlawfully operated to deny equal opportunity to Plaintiff because of his race and/or national origin. C. Channeling or restricting Plaintiff to less desirable tasks as compared to white workers and managers. D. Consistently failing either to establish or to enforce policies against racial discrimination and harassment in the workplace, despite ample evidence that such discrimination and harassment was occurring with regard to Plaintiff. E. Consistently failing to take even the most modest of ameliorative or reparative measures when presented with said evidence.

8. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise to affect adversely Plaintiff's status as an employee.

9. Further, Plaintiff has been deprived of income in the form of wages and prospective retirement benefits, and other benefits due to him as an employee solely because of his race and/or national origin.

10. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's custom, usages, and the specific acts of discrimination and wrongful termination as set forth herein. Such injury includes stress, depression, and high blood pressure.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff is a Nigerian-born, naturalized U.S. citizen of African descent.

12. Plaintiff was hired to work as an Electrical Engineer in the Electric Melt Shop at Defendant ArcelorMittal's Coatesville plant. Plaintiff was hired on a full-time basis on or around February 11, 2008.

13. Throughout his tenure at Defendant ArcelorMittal, Plaintiff complained about a racist work environment with continuing inappropriate racist language and communication, which he found offensive. These complaints were ignored by managers including managers Albert Fuller,

Robert Caffro, Thomas Barnett, Ed Frey, and Joseph Kurtz without any rectifying action.

14.  Defendant ArcelorMittal's response to this racially offensive workplace was insufficient, both in terms of any investigation that may or may not have been conducted, and in terms of the lack of any systematic response that such egregious acts should have prompted.

15.  Defendant ArcelorMittal does not have an adequately-enforced policy prohibiting discrimination and harassment based on race and national origin, nor did they have one during the time period when Plaintiff was suffering discrimination and harassment based upon race and national origin in his workplace.

16.  Defendant ArcelorMittal has not adequately trained employees in any racial discrimination and/or harassment policy at any point, nor did it do so prior to or during the time period when Plaintiff was suffering discrimination and harassment based upon race and national origin in his workplace.

17.  Plaintiff constantly complained to managers Albert Fuller (Human Resources Manager), Robert Caffro (Area Maintenance Manager), Thomas Barnett (Divisional Manager), Joseph Kurtz (Divisional Manager), and Ed Frey (Plant Manager) about racist language that permeated the workplace and was directed towards Plaintiff.

18.  The racist environment commenced on February 19, 2008, initially initiated by Randy Coulter, an hourly supervisor, and continued on a daily basis throughout the entire time that Plaintiff has been employed by Defendant. Among other names and insults, Plaintiff was called a "Nigger," he was told by Shawn Burk that "a black man could never be a white man's boss," he was threatened by Burk with being pushed into a fifty foot deep furnace because of Plaintiff's race/national origin, Plaintiff has had bananas placed in and around his office, white employees have been told that they should not consort with Plaintiff because Plaintiff is black, Plaintiff's

credentials have been mocked by Albert Fuller because his degrees come from "African universities" when the degrees in fact come from universities in the United States, Plaintiff has been excluded from managerial meetings because he is black, and a baby toy doll was placed in a break room with a label stating "Pete's Replacement" and it remained there despite Plaintiff's complaints.

19. Plaintiff was denied career advancement and pay raises because of his race/national origin and has been suspended on two occasions without any non-pretextual justification and in contrast to the manner with which white employees are treated.

### COUNT ONE: DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VOLATION OF TITLE VII

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

21. Plaintiff claims money damages as a result of the constant extreme racist and racially offensive language that occurred in his proximate work space and resulted in a racist work environment which was offensive to Plaintiff and caused severe emotional distress, high blood pressure, and so on as a result.

22. Plaintiff claims that he was subjected to a period of more than five years with a continuous pattern of targeted racist treatment that hindered his career development, was exemplified in disparate work assignments, Plaintiff being denied opportunity and increased pay, and the creation of bogus performance reviews to legitimize racist treatment. This caused Plaintiff severe emotional distress and other medical issues and Plaintiff's complaints were ignored by management.

### COUNT TWO: HOSTILE WORK ENVIRONMENT IN VOLATION OF TITLE VII

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. As a result of the constant racist language that fostered a racist workplace and as a result

of Plaintiff being abused and ostracized by coworkers and supervisors, Plaintiff was exposed to a hostile work environment. Plaintiff was exposed to fear, threats, and intimidation and Plaintiff dreads going to work every day. The abuse and other disparate treatment occurred on a constant basis throughout Plaintiff's tenure at Defendant ArcelorMittal.

25. As a consequence of coworker and supervisor abuse and supervisor/management failing to respond to Plaintiff's complaints of serious and extreme adverse treatment, Plaintiff's working conditions were adversely altered for a continuous, prolonged period from February 19, 2008 until the present.

26. Plaintiff suffered emotional and medical harm and should be compensated as a result.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. Order Defendant to make Plaintiff, insofar as he was adversely affected by the described practices, whole by providing appropriate back pay and reimbursement for lost pay, experience, training opportunities and other benefits in an amount to be shown at trial. Grant Plaintiff emotional damages for pain and suffering that has resulted from Defendant's actions.

2. Grant Plaintiff his attorneys' fees, costs, and disbursements.

3. Grant additional relief as the Court deems just and proper including, but no limited to, punitive damages.

**The O'Hanlon Law Firm, P.C.**

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE: 7/8/2013
The O'Hanlon Law Firm, P.C.
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: 267.546.9066
Fax: 215.567.1998

## CERTFICATE OF SERVICE AND SUMMONS

I, Stephen T. O'Hanlon, Esquire, hereby certify that the attached Complaint has been filed with the Court and will be sent to the following by U.S. Postal Service Priority Mail with tracking number to request Waiver of Service of Summons on July 8, 2013:

1. ArcelorMittal Steel USA, C/O Michael Rippey, CEO ArcelorMittal USA, 1 South Dearborn, Chicago, IL 60603.

2. ArcelorMittal Steel USA C/O Kristine Grady Derewicz, Esquire, Littler Mendelson, P.C., Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102.

The O'Hanlon Law Firm, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE